**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARVIN LEE CARTER, SR.,

      Petitioner,

v.

                                Civil Case No. 8:24-cv-1867-TPB-AEP
                                Crim. Case No. 8:19-cr-397-TPB-aep

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

Marvin Lee Carter, Sr., moves under 28 U.S.C. § 2255 to vacate his conviction and 240-month sentence for distribution of fentanyl resulting in serious bodily injury. (Civ. Doc. 1)  Carter pleaded guilty under a plea agreement to one count of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Crim. Doc. 90)  Both his conviction and sentence accord with the plea agreement.  He filed no appeal.

Carter raises two grounds for relief in his § 2255 motion.  He claims that his guilty plea was unknowing and involuntary because he did not understand the elements of the charged offense.  And, in a related claim, he faults counsel for rendering ineffective assistance concerning his decision to plead guilty.

Rule 4(b), Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it

plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"; *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating that summary dismissal of a habeas petition is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

A district court may consider *sua sponte* the timeliness of a § 2255 motion. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* at 210; *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("We hold that the District Court did not err by *sua sponte* dismissing Mr. Paez's § 2254 petition after giving him notice of its decision and an opportunity to be heard in opposition.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of

judgment.  Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Carter's judgment of conviction was entered on May 18, 2021.  (Crim. Doc. 108)   The judgment became final 14 days later, on June 1, 2021.  Therefore, under § 2255(f)(1), Carter had until June 1, 2022, to file his § 2255 motion.

Carter's motion is signed and dated on May 22, 2022—before the June 1, 2022 deadline.  (Civ. Doc. 1 at 12–13)  And, when prompted to explain on the standard form why the one-year statute of limitations in § 2255(f) does not bar his claim, Carter writes, "Conviction became final on 5-18-2021, As such this motion was filed on 5-22-22."  (*Id*. at 11)  However, the district court did not receive Carter's motion until August 5, 2024—more than *two years* after Carter signed and dated his motion.  And, the envelope containing Carter's motion is postmarked August 2, 2024.

When determining whether a § 2255 motion is timely, "[w]e apply the prison mailbox rule, under which 'a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.'" *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)).  "[T]his bright-line rule applies to *pro se* prisoners because they necessarily lose control over their filing when they deliver it to prison authorities." *Houser v. United States*, 808 F. App'x 969, 971

(11th Cir. 2020) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)).   "We assume, 'absent evidence to the contrary, that a prisoner delivered a filing to prison authorities on the date that he signed it.'"   *Daniels,* 809 F.3d at 589 (quoting *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014)).   And, "the burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it."   *Jeffries*, 748 F.3d at 1314.   The United States bears this burden because "prisons 'have well-developed procedures for recording the date and time at which they receive papers for mailing and [] can readily dispute a prisoner's assertions that he delivered the paper on a different date.'"   *Id*. (quoting *Houston*, 487 U.S. at 275).

Consistent with the prison mailbox rule, Rule 3(d) of the Rules Governing Section 2255 Proceedings, permits a prisoner to show that his motion was timely by making a declaration:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

"The plain language of [Rule 3(d)] indicates that there are multiple ways in which a prisoner can demonstrate the timeliness of a filing including, but not

limited to, filing a declaration in compliance with § 1746." *Houser*, 808 F. App'x at 971.

Here, the fact that the district court received Carter's motion more than two years after it was dated calls into question the presumption that Carter delivered his motion to prison authorities on the date that he signed it. Moreover, it is unclear whether Carter is entitled to the benefit of the prison mailbox rule because the envelope containing the motion bears no "Legal Mail" stamp or other markings that indicate he sent his motion through the prison's legal mail system as opposed to its regular mail system. *See Chandler v. United States*, No. 19-60853, 2020 WL 4926084, at *5 (S.D. Fla. Aug. 21, 2020) (concluding that envelopes stamped "legal mail" suggested the petitioner submitted his petition through the prison legal mail system). By contrast, the envelope containing Carter's motion for appointment of counsel, which he filed in his criminal action in 2023, does contain a "legal mail" marking. (Crim. Doc. 112-1 at 1)

Accordingly, Carter must explain why his Section 2255 motion, which is dated before the filing deadline but was received by the district court more than two years after it was signed and dated, is timely filed under § 2255(f). No later than **45 DAYS** from the date of this order, Carter must show (1) that his § 2255 motion is timely, (2) that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, (3) that he is entitled to

equitable tolling, or (4) that he is actually innocent. No later than **30 DAYS** after Carter responds to this order, the United States must file a response that addresses the timeliness of the Section 2255 motion.

      **ORDERED** in Tampa, Florida on August 19th, 2024.


_____

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**